USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/8/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
B.B. and G.B., individually and on behalf of :
C.B., :
:
                                        Plaintiffs, : 17-CV-4255 (VEC)(SDA)
:
        -against- : ORDER ADOPTING IN PART
: REPORT &
NEW YORK CITY DEPARTMENT OF : RECOMMENDATION
EDUCATION, :
:
                                         Defendant. :
------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

      On June 6, 2017, Plaintiffs B.B. and G.B. filed a lawsuit seeking attorneys' fees and costs, claiming to have prevailed in an administrative hearing pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq*. ("IDEA"), which contains a fee-shifting provision. *See* Complaint [Dkt. 1]. On November 1, 2017, plaintiffs moved for summary judgment on their claim [Dkts. 15–19]. The Court referred the matter to Magistrate Judge Aaron for a Report and Recommendation [Dkt. 36].

      On January 29, 2018, Magistrate Judge Aaron issued a report recommending that Plaintiffs' motion be granted in part, finding that the hourly rate of plaintiffs' junior lawyer was excessive, and reducing the compensable hours each lawyer worked to correct for excessive billing. *See* Report and Recommendation ("R&R") [Dkt. 38]. Defendant filed timely objections to the R&R on February 12, 2018, *see* Defendant's Objections to Magistrate Judge's Report and Recommendation ("Obj.") [Dkt. 39], to which Plaintiffs responded. *See* Plaintiffs' Response to Defendant's Objections to the Report and Recommendation ("Obj. Resp.") [Dkt. 40].

1

For the following reasons, the Court ADOPTS THE R&R IN PART, and REVERSES to the extent that the Court further reduces the fees and costs awarded to Plaintiffs.

**DISCUSSION**

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When no timely objections are made to a magistrate judge's report, a district court may adopt the report unless a "clear error on the face of the record" is present. *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). Where a party has made specific, written objections to the R&R, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (citing 28 U.S.C. § 636(b)(1)). To warrant *de novo* review, the objections must be "specific" and "address only those portions of the proposed findings to which the party objects." *Pineda v. Masonry Constr., Inc.*, 831 F. Supp. 2d 666, 671 (S.D.N.Y. 2011) (citation omitted). If "a party's objections are conclusory or general, or simply reiterate original arguments, the district court reviews the [magistrate judge's report and recommendation] for clear error." *Id*.

Defendant has raised specific objections to the R&R, asserting that the Magistrate Judge erred by: failing to reduce Plaintiffs' senior attorney's rate as excessive given her experience; failing to consider the factors from *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), when determining the senior attorney's appropriate hourly rate; failing to consider the Plaintiffs' limited success when determining the award; and failing to eliminate the "fees on

fees" accrued in litigating the fee petition. *See* Obj. at 3–13. Plaintiffs attempted to rebut each of Defendant's objections. *See* Obj. Resp. at 4–23.

      1.  *Ms. DeCrescenzo's Hourly Rate is Excessive*

The Court agrees with Defendant that the Magistrate Judge erred in setting Ms. DeCrescenzo's hourly rate at $400. In awarding fees in IDEA suits, district courts consider both the prevailing market rates for such legal services, as well as case-specific factors, namely the *Johnson* factors.[1] *G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist.*, 894 F. Supp. 2d 415, 426–29 (S.D.N.Y. 2012) (citations omitted).

As pointed out by the Defendant, the case cited in the R&R to support Ms. DeCrescenzo's rate, *E.F. ex rel. N.R. v. New York City Dep't of Educ.*, No. 11 CIV. 5243 GBD FM, 2014 WL 1092847 (S.D.N.Y. Mar. 17, 2014), involves an attorney who appears to be more experienced than Ms. DeCrescenzo, while other cases cited by Defendant suggest that the prevailing market rate for an attorney with her level of experience is between $300 and $350 per hour. *See* R&R at 5; Obj. at 4–5. Plaintiffs contend that the cases Defendant cites are inapt, and point to their own set of cases to suggest a market rate in line with the R&R's finding. Obj. Resp. at 4–11.

---

[1] The *Johnson* factors are: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist.*, 894 F. Supp. 2d 415, 428 (S.D.N.Y. 2012) (citation omitted). A court does not need to make specific findings as to each factor as long as it considers all of them when setting the fee award. *E.F. ex rel. N.R. v. New York City Dep't of Educ.*, No. 11 CIV. 5243 GBD FM, 2014 WL 1092847, at *3 (S.D.N.Y. Mar. 17, 2014) (citing *Lochren v. Cnty. of Suffolk,* 344 F. App'x 706, 709 (2d Cir. 2009); *G.B.,* 894 F. Supp. 2d at 428).

Additionally, the R&R makes no reference to the *Johnson* factors, implicitly or explicitly, in setting Ms. DeCrescenzo's rate. The Court hereby considers these case-specific factors, noting in particular that the underlying administrative action involved relatively minimal effort, and involved a brief, uncontested hearing resulting in limited success beyond that conceded by the Defendant. *See* Defendant's Memorandum of Law in Opposition to Plaintiffs' Motion for Attorneys' Fees ("Opp.") [Dkt. 20] at 5–9; Obj. at 9–12.

Accordingly, the Court reduces Ms. DeCrescenzo's hourly rate from $400 to $350.

2. *The Hours Billed by Ms. DeCrescenzo and Mr. Brown Are Excessive*

The Court largely adopts the Magistrate Judge's reasoning and assessment of the hours billed by Plaintiffs' counsel, but agrees with Defendant that the Magistrate Judge's reductions did not go far enough in eliminating charges for excessive billing.

As to Ms. DeCrescenzo's hours, the Court finds that an additional reduction of five hours is warranted. As noted by the Magistrate Judge, Ms. DeCrescenzo billed considerable time preparing for and attending a hearing that lasted only a few minutes and that generated limited relief beyond what the parties had already agreed to, and she prepared a boilerplate complaint for the federal action. *See* R&R at 6. Accordingly, after reviewing the parties' submissions—Plaintiffs' billing logs in particular, *see* Billing Logs [Dkts. 17-3, 29-1]—and considering the various factors at issue, the Court finds that Ms. DeCrescenzo's compensable hours are 30.4, at a billable rate of $350 per hour, for a total of $10,640.

And as to Mr. Brown's hours, the Court also finds additional reductions to be warranted. Because Mr. Brown worked on the federal case and not the administrative action, his fees are essentially "fees on fees," that is, fees incurred by litigating the fee application. As noted in the R&R, whose reasoning this Court adopts, while attorneys are generally entitled to recover the

4

reasonable cost of making a fee application, Mr. Brown's fees are excessive. R&R at 6–7. Defendant suggests that the Court should entirely reject Plaintiffs' "fees on fees"—effectively rendering *none* of Mr. Brown's time compensable—or, in the alternative, reduce the "fees on fees" by 50%. *See* Defendant's Memorandum of Law in Sur-Reply to Plaintiffs' Motion for Attorneys' Fees ("Sur-reply") [Dkt. 37] at 5. Upon its review of the Billing Logs and consideration of the various factors at issue, the Court finds an approximate 50% reduction in Mr. Brown's fees appropriate, rather than the R&R's one-third reduction. Mr. Brown's compensable time is thus 40 hours of work, at $200 per hour,[2] for a total of $8,000.

Although the Court concurs with Plaintiffs' arguments that attorneys who practice in the area of IDEA and other similar civil rights areas must be adequately compensated for their time, fee-shifting statutes are not a license to soak one's opponent or to engage in a highly inefficient practice of law. In this case, a competent attorney should not have needed more than 40 hours to litigate this fee petition. The legal basis for fee petitions is well-plowed acreage, leaving the task of the attorney to marshal the facts to support the number of hours expended on the underlying matter. While Plaintiffs are very critical of Defendant's tactics in this litigation, the Court notes that the Defendant made a very reasonable offer to Plaintiffs to settle this fee dispute, which was rejected. *See* Offer of Judgment [Dkt. 21-1].

## **CONCLUSION**

The Court accepts Defendant's objections for the reasons discussed *supra*. Having reviewed the relevant issues *de novo*, and upon careful consideration, the Court finds error in the

---

[2] Plaintiffs did not object to the adjustment to Mr. Brown's billing rate made by the Magistrate Judge, and the Court finds no clear error. Nor did Defendant object to the $476.13 of costs assessed in the R&R and the denial as to Ms. Lolis's hours, as to which the Court also finds no clear error. *See* R&R at 5, 7.

Magistrate Judge's assessment of the appropriate hourly rates and compensable hours for Plaintiffs' counsel.  Accordingly, the Court adopts the R&R in part and reverses the R&R in part. The fees and costs to be paid to Plaintiffs are reduced to a total of $19,116.13.  The Clerk of Court is respectfully directed to enter judgment in favor of Plaintiffs and close this case.

**SO ORDERED.**

**Date:  March 8, 2018**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**